MaddeN, Judge,
dissenting:
I do not agree with the foregoing decision and opinion.
At the time plaintiff made his contract, by his acceptance of the defendant’s counter offer, he had been specifically advised that the crushed rock would be taken directly to the road from the crusher. He knew, and said, that that would entail delays which would increase his expense. He nevertheless moved his equipment to the quarry and began the work. The contract thus made, and later expressly renewed after performance in just this manner had been going on for a period, was a contract to furnish crushed rock to be hauled from the crusher and placed directly on the road. If it were material to the issues, it might be said that there would be implied in the contract an agreement by the defendant that it would use due diligence to remove the stone from the crusher as rapidly as good road-building practice would permit, so as not to put plaintiff to unnecessary delay and loss. But such an implied agreement is not involved here, because there is no finding, and no evidence, or assertion, that the defendant did not use such diligence.
We have then a situation where both plaintiff and the defendant did exactly what they agreed to do, yet plaintiff recovers from the defendant an additional amount for breach of contract. And so the admittedly unauthorized promise of Rubicana to recommend to the persons who were authorized to contract for the government, that plaintiff be paid more than the contract provided, is translated into a judgment.
I would dismiss plaintiff’s petition.